[Civ. No. 5239. Second Appellate District, Division One.—October 31, 1928.]

J. ROBINSON, Respondent, v. A. H. POTTER, Appellant.

S. T. Hankey and Wood, Janeway & Pratt for Appellant.

Arthur Goodrick for Respondent.

CRAIL, J., *pro tem.*—This is an action between two real estate brokers in which the plaintiff recovered judgment for one-half the commission under an alleged verbal agreement to divide it.

Appellant puts forward four contentions upon which he relies for reversal, and which are stated in his own language, as follows: "(1) That the agreement is set out in the respondent's letter of June 22, 1923. (2) That the meaning of the agreement is that respondent was to share in any commission received by appellant if respondent made appellant acquainted with some property not already known to appellant. (3) That the appellant did not receive any commission. (4) That if appellant received any commission, he only received one quarter of the amount stated in the findings."

The respondent wrote a letter to the appellant on June 22, 1923, about a month after the alleged oral agreement was made, demanding his share of the commission, in which he set out his recollection of the agreement somewhat differently than as he testified orally in court. It is not contended that the oral testimony of the plaintiff did not substantiate the allegations of the complaint. It is contended that this letter is "much more likely to be the true version of the agreement" and "therefore it must be taken that this letter sets out the true agreement." The contract was oral and was made more than a month previous to the writing of the letter. While the letter was evidence bearing upon the question of the terms of the contract, it was not conclusive nor exclusive, but was to be weighed by the trial court along with the oral testimony and all the facts and circumstances in evidence bearing upon the question. There was substantial evidence to sustain

the allegations of the complaint; and the trial judge, out of his long experience on the bench, weighed the evidence and resolved it in favor of the plaintiff, finding the facts to be as alleged in the complaint. It is not the province of this court to weigh evidence and it would not be justified in setting aside the finding of the trial court in this regard.

Appellants' second contention falls with the first, for the agreement as found by the trial court did not require the plaintiff to acquaint the defendant with property not already known to him. This also disposes of the contention made by appellant in his closing brief that the trial court should have found for him because the uncontradicted testimony of three witnesses was to the effect that the defendant already knew of the property in question before he made his contract with the plaintiff. Whether or not the property was already known to defendant was a question which it was unnecessary for the trial court to determine.

It is next contended that appellant did not receive any commission, and further, that "it is admitted that no commission was ever paid to appellant." We are referred to no such admission in the record. The admission to which we are referred is only an admission that the sale was made to the appellant and two others, the appellant getting a quarter of the property. On the other hand, there is the testimony of the owner and vendor that his talk with the appellant was to the effect that appellant came to him as a real estate broker; that he was to pay appellant the regular commission; and that his said commission was deducted from the purchase price.

It is the final contention of appellant that, in any event, he should be held for only one-fourth of the amount of the judgment because he was a buyer of the property to the extent of only one-fourth thereof. We are unable to follow appellant in this contention. While it is true that he was a buyer to the extent of one-fourth of the property, he was a real estate broker as to all of it and his regular commission was deducted from the purchase price. Neither of the other buyers was a real estate broker and neither was entitled to any of the commission. It is a reasonable inference from the evidence that appellant received all of

it. And the finding of the trial court in this regard will not be disturbed.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.